PITTMAN, Judge,
concurring in part and concurring in the result.
Notably, in this case, the father’s dependency complaint specifically averred that a previous child-support judgment had been entered by a Texas court and that he was paying the mother $365 per month in child support — allegations that the mother' did not deny. Further, in the affidavit accompanying that complaint, the father specifically denied any desire to reduce his child-support obligation.
The juvenile court, in unilaterally reducing the father’s child-support obligation, acted outside its jurisdiction because § 30-3A-611(a), Ala.Code 1975, provides that a *810 court of this state may modify a foreign child-support order only “[ajfter a child-support order issued in another state has been registered in this state ” (emphasis added). Although the juvenile court would have had jurisdiction to act as an “initiating court” to request the appropriate Texas court to modify its judgment, see Ala. Code 1975, § 30-3A-206(a), the juvenile court in this case did not act under that statutory authority.
Accordingly, I agree with the conclusion in the main opinion that the juvenile court acted outside its jurisdiction in modifying the father’s child-support obligation and that that purported modification is void. To the extent that the main opinion dismisses the mother’s appeal as to the child-support issue, I concur. To the extent that the main opinion affirms the juvenile court’s judgment as to the other issues raised by the mother, I concur in the result.